# Reed *v.* The State.

*Prosecution for the Violation of a Stock Law.*

1. *Violation of stock law; construction of statute establishing stock law district.*—Under the act of the General Assembly providing for the establishment of stock law districts in the county of Etowah (Acts of 1900-01, p. 170), when an election is held for a beat or a part of a beat for the purpose of ascertaining whether the specifically described territory shall constitute a stock law district, another election can not be held within the year so as to affect the status fixed by the first election as to any part of the territory included in the first petition asking for such election, whether the whole or a part of a beat constitutes the territory in which the stock law district is sought to be established, and if the result of the first election is in favor of stock running at large in the given territory, a second election which includes a part of the territory covered in the first petition as well as territory not embraced therein, which results in establishing the stock law district, is unauthorized and will not support a prosecution for violating the stock law thus sought to be established.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

The appellant in this case, Floyd Reed, was prosecuted and convicted for violating a stock law in letting his stock run at large within the territory alleged to have been within the stock law district. The facts of the case are sufficiently stated in the opinion.

GEORGE D. MOTLEY and E. D. HAMNER, for appellant. There can only be one election held under the act providing for the establishment of a stock law district in Etowah county.—Acts of 1900-01, 170, § 3.

The defendant was wrongfully convicted.—*Street v. Hooten,* 131 Ala. 492.

MASSEY WILSON, Attorney-General, for the State, cited *Washington v. State,* 106 Ala. 58; *Gunter v. State,* 111 Ala. 23.

HARALSON, J.—The State introduced a petition, dated 1st April, 1902, signed by eleven house-holders and free-holders resident in that part of beat 17, Etowah county, which was particularly described by metes and bounds, praying that stock should be prohibited from running at large therein, and showed that after a due compliance with the directions of the act of 1900-1901 (Acts 1900-1901, p. 170), to prevent stock from running at large in said county, an election was held at a designated place in said beat 17, on the 28th April, 1902, at which a majority of the votes cast were for no stock at large, and the managers of the election made due return of the result of the election, which was entered on the books of the court of county commissioners, as prescribed by the statute.

It was admitted that the defendant willfully allowed his cattle to run at large within the territory set forth in the petition.

The defendant then introduced a petition to the probate judge of said county, dated the 24th February, 1902, and signed by eleven house-holders and free holders in a designated part of beat 17 in said county, praying that an election be held in said designated part of said beat, to decide whether or not stock should be prohibited from running at large in said part of said beat. Eight of these petitioners, as appears, who signed the petition of April 1, 1902, for the election above referred to, held on the 28th April, 1902, were signers to this petition, and there were three others who signed each petition, not found on the other. It was also shown that an election was duly ordered and held, under said petition of the 24th February, 1902, on the 20th March, 1902, the result of which was duly certified by the managers of said election to the probate judge of said county, and that the result of said election was in favor of stock running at large in said part of said beat,—directly opposite to the result of the election held on the 28th April, 1902.

It was further shown by the defendant without any conflict, that the first petition filed February 24th, 1902, under which said election was held, covered all the territory described in the petition filed April 1st, 1902, under which the election of April 20th following was held, except forty acres; that the first petition, filed February 24th, covered a large tract not covered by the one filed April 1st, and that the petition of April 1st cut out a large part of the territory covered in the first petition, but added only forty acres not embraced therein.

This was all the evidence, and the court trying the case without the intervention of a jury, found the defendant guilty and assessed a fine against him.

The act above referred to provides in its first section, "That whenever ten freeholders or householders in any beat or part of beat in Etowah county shall petition the probate judge of said county asking that an election be held in said beat or part of said beat, to decide whether in said beat or part of said beat stock shall be prohibited from running at large, the probate judge shall order an election in such beat or part of beat described in the said petition, and at a place to be designated in said petition, and shall notify the public that an election will be held at said voting [place], not less than twenty nor more than thirty days from such publication, specifying the day of election, to decide whether in said beat or part of beat, described in said petition, stock shall be prohibited from running at large," etc. In the 3rd section of the act it is provided that "there shall be but one election under this act in any one year."

The object of this last provision was to prevent the people of a beat or part of a beat from being harassed with elections under this law, and to allow them repose from such annoyance for at least a year at a time. So, when an election is held for a beat or a part of it, another cannot, afterwards, be held within a year, so as to affect the status fixed by the first election, as to any part of the territory included in the petition, whether a whole or only a part of a beat. In this case, under the election held the 20th March, the majority voted in favor of stock running at large, within that part of beat 17 particularly designated in the petition for the election. It was not

lawful, therefore, for the petition of April 1st, as it did, to cut out a part of the territory embraced in the first petition. The evidence was that it cut out a large part of this territory, thereby subjecting the people to another election, after the question had already been lawfully settled for a year. If this were allowable, it would be in the power of a few to gerrymander a district in which the question has already been determined in the manner provided by statute, and by another election, within the same year, defeat the wishes of the people as expressed at the first election. The second election was clearly unauthorized. Under the evidence the defendant should have been acquitted.

Reversed and remanded.